302 F.2d 906
 112 U.S.App.D.C. 321
 MONTGOMERY CHARTER SERVICE, INC., Petitioner,
v.
The WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION,
Respondent, Airport Transport, Inc., D.C. Transit, Inc.,
Washington, Virginia and Maryland Coach Company, Inc., A.B.
& W. Transit Company and The Gray Line, Inc., Intervenors.
 No. 16798.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 5, 1962.
Decided April 27, 1962.
 
 Messrs. William F. Reed and Robert J. Stanford, Washington, D.C., for petitioner.
 Mr. Russell W. Cunningham, General Counsel, Washington Metropolitan Area Transit Commission, for respondent.
 Mr. Frederick A. Babson, Jr., Washington, D.C., for intervenor Airport Transport, Inc., argued for all intervenors. Messrs. L. C. Major, Jr., A. C. Vance, John R. Sims, Jr., Harold Smith and Manuel J. Davis were on the brief for intervenors. Mr. S. Harrison Kahn, Washington, D.C., entered an appearance for intervenors A.B. & W. Transit Company and The Gray Line, Inc.
 Before WILBUR K. MILLER, Chief Judge, and BASTIAN and BURGER, Circuit judges.
 WILBUR K. MILLER, Chief Judge.
 
 
 1
 In November, 1961, Montgomery Charter Service, Inc., applied to The Washington Metropolitan Area Transit Commission for a certificate of public convenience and necessity to operate motor vehicles having a seating capacity of not more than eight passengers in sightseeing, charter, contract and airport terminal services in the Commission's jurisdictional area. But, as it thought it was exempt from such regulation and desired to test its right to exemption, Montgomery Charter simultaneously filed a motion to dismiss its application on the ground that the interstate compact which created the Commission provides that 'taxicabs and other vehicles having a seating capacity of eight passengers or less in addition to the driver thereof * * *' are not subject to regulation by the Commission except with respect to rates and minimum insurance coverage.[1]
 
 
 2
 In a single order entered December 14, 1961, the Commission denied the motion to dismiss and, without a hearing, directed the applicant to cease and desist from operating without authority. Montgomery Charter's request for reconsideration was denied. Thereupon, it petitioned us to review the order.
 
 
 3
 We first consider whether the motion to dismiss was properly denied. The Commission's order shows it denied the motion because it considered the exemption section of the compact inapplicable to the operations proposed in the application. The immediate question is, therefore, whether that conclusion of law justified denial of the motion to dismiss. We think not. Even if it was correct in concluding 1(c) of the compact does not apply to such opertions, the conclusion did not justify the Commission in refusing to permit dismissal.
 
 
 4
 Its denial had the effect of requiring the applicant to continue, rather inconsistently, to seek a certificate although it had decided to stand on its claim to exemption and to sue for judicial review if it were denied. In the circumstances, the Commission's denial of the motion to dismiss amounted to a ruling not only that the exemption does not apply, but also that Montgomery Charter must continue to seek a certificate although it is not required by law to engage in the proposed operations,[2] and might choose not to engage in them if it were finally denied exemption under 1(c).
 
 
 5
 The Commission cannot require one to apply for any specific operating authority, or to continue to pursue an application already filed, if he is under no legal compulsion to furnish the services. It can, however, address a cease and desist order to one found to be engaged in uncertificated operations of a sort required to be certificated; but that is a very different thing from requiring one to seek operating authority which he does not want. The operator might prefer to obey the cease and desist order and entirely abandon the activities found to be unlawful.
 
 
 6
 We think the regulatory body exceeded its authority in summarily requiring Montgomery Charter to pursue its application for a certificate when it claimed to be statutorily exempt and wished to stand on that claim to the point of testing it in the courts. Consequently we hold that, in the circumstances here, the Commission erred in denying the motion to dismiss the application for a certificate.
 
 
 7
 The validity of the cease and desist portion of the order remains to be considered. Without a hearing, without making findings of fact, and with nothing before it except the application and the applicant's contemporaneous motion to dismiss it, the Commission commanded Montgomery Charter to stop operating without authority. Nothing in the record showed the petitioner was in fact operating as proposed in the application. The cease and desist order was based solely on the following recital in the order itself:
 
 
 8
 'The Commission has been advised by the Applicant's president and counsel that it commenced operations in September 1961, that it has been conducting operations since, and is in fact currently operating. * * *'
 
 
 9
 There is no evidence in the record that Montgomery Charter made this admission and there is none that it was 'in fact currently operating.' The president and counsel of the applicant might deny having made the admission if they were given an opportunity to do so. In short, the Commission's recital of the receipt of information not shown in the record was not a proper basis for a cease and desist order.
 
 
 10
 As we have indicated, such an order cannot be issued by the Commission unless it first finds from the record before it that the person to whom the order is directed has engaged in the conduct he is being commanded to discontinue. The record contains so evidence upon which that finding could be based, and indeed no such finding was actually made.
 
 
 11
 For the reasons given, the denial of the motion to dismiss and also the cease and desist portion of the order will be set aside and the case will be remanded to the Commission to dismiss the application. The Commission may, if it deems it proper, order the petitioner to show cause why it should not be directed to cease and desist from continuing to engage in operations which the Commission considers to be unlawful. This procedure will permit the development of a record, from which the Commission may make findings of fact upon which to base an order.[3]
 
 
 12
 It is so ordered.
 
 
 
 [1]
 74 Stat. 1031, 1036, 1(c); D.C.Code 1961, 1-1410
 
 
 [2]
 It is not, and could hardly be, suggested that this petitioner was obliged, as sometimes a common carrier may be, to furnish service when ordered to do so by the Commission, whether it wants to or not
 
 
 [3]
 Because of these conclusions, we do not reach the question whether 1(c) of the compact makes it unnecessary for Montgomery Charter to obtain a certificate from the Commission before engaging in the activities described in the application